Filed 09/10/25

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-01705

---

**S H-T (A minor child), et al v. Meghan O'Neill, et al**

---

## ENTRY REGARDING MOTION

Title:      Motion to Dismiss  (Motion: 3)
Filer:      Ellie Gebarowski-Shafer
Filed Date: August 04, 2025

The motion is GRANTED.

Plaintiff Richard Hone on his own behalf and on behalf of his minor daughter, S H-T has filed the present action in Vermont concerning a New Jersey custody case involving Plaintiff, a New Jersey resident, his daughter, a New Jersey resident, his former spouse, a New Jersey resident, and several individuals from New Jersey that have been named defendants in the present case. Plaintiff named Defendant Gallardo in his Fourth Amended Complaint alleging that Defendant Gallardo conspired with other actors to deprive Plaintiff and his daughter of their civil rights by interfering in the custody case, writing false statements on a medical note, and engaging with the mafia.

Defendant Gallardo filed the present Motion to Dismiss on August 4, 2025 pursuant to Vermont Rules of Civil Procedure 11 and 12(b)(2) and (6).[1] Under Rule 7, Plaintiff had 30 days to file a response to this Motion. V.R.C.P. 7(b)(4). This 30-day period has elapsed, and to date, Plaintiff has not filed any reply. As a result, Plaintiff has waived his right to do so. See *Pharmacists Mut. Ins. Co. v. Myer*, 2010 VT 10, ¶ 18 (noting that a party's "failure to oppose the motion effectively waive[s] the claims").

Based on Defendant's filing, the Court finds two grounds to grant the Motion to Dismiss. First, Plaintiff has failed to establish the necessary minimum contacts between Dr. Gallardo and the

---

[1] Based on the controlling threshold issues of personal jurisdiction and lack of authority to prosecute claims on behalf of another, the Court finds no need to review either Defendant's Rule 11 arguments or her arguments concerning the validity of a civil conspiracy claim under Vermont law.

State of Vermont for personal jurisdiction. Second, Plaintiff cannot bring the present case on behalf of his daughter without counsel.

    1.  <u>Long-arm jurisdiction and minimum contact</u>

As a threshold matter, Defendant Gallardo has challenged whether Vermont has the right to assert personal jurisdiction over her that is needed to sustain bringing the claims in Vermont. *State v. Atlantic Richfield Co.*, 2016 VT 22, ¶ 10. This Court has the authority and discretion to decide as an initial threshold matter whether a party has sufficient contacts with the state to support personal jurisdiction, which the Court may decide on the basis of affidavits alone. Id. at ¶ 9.

In the present case, neither Plaintiff, nor his daughter, nor Dr. Gallardo are Vermont residents. Dr. Gallardo is a New Jersey pediatrician who practices solely in New Jersey. She has never been to Vermont, and she has never communicated with anyone in Vermont or about anyone in Vermont. All of her communications with Plaintiff occurred in New Jersey. All of her treatment of Plaintiff's child occurred in New Jersey. Dr. Gallardo has had no contacts with Vermont. or its residents, either in general or in relation to this case.

To establish personal jurisdiction over a non-resident, a party must show that the defendant has had minimal contacts with the state such that it is foreseeable and fair that the defendant would be subject to Vermont jurisdiction. *Fox v. Fox*, 2014 VT 100, ¶ 26. This jurisdiction can be general jurisdiction, or it can be specific to the particular claim. Id. at ¶ 27. In the latter case, courts may only allow claims against non-residents where a defendant has "purposefully directed . . . activities at the residents of the forum and the litigation results from alleged activities that arise out of or relate to those activities." Id. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). In both cases, the Court must look at the nature and quality of the defendant's contacts with the forum state. *Dall v. Kaylor*, 163 Vt. 274, 275–76 (1995) (describing "meaningful contacts" with the forum state).

In this case, there are no contacts between Defendant and the forum State of Vermont. While Plaintiff has alleged that he received phone calls about his daughter's custody while he was visiting Vermont, these allegations alone are not sufficient as a foundation for personal jurisdiction. *Fox*, 2014 VT 100, at ¶ 11 (citing a Florida case where a party calling a Maryland number for a cell phone that was physically in Florida was insufficient contact with Florida). Plaintiff was, at the time, a New Jersey resident, he was only travelling through Vermont, and there is no evidence that the

calls were made purposely because he was in Vermont. In this case, Dr. Gallardo has further stated through her affidavit that she did not contact Plaintiff in Vermont, and that she has had no contact with the State either in this matter or more generally. Based on these facts, the Court finds that there is insufficient personal jurisdiction to assert a claim over Defendant Gallardo in Vermont, and she is dismissed as a party to the present matter. V.R.C.P. 12(b)(2).

2. Bringing claims on behalf of another

Separate and apart from the issue of personal jurisdiction, Plaintiff may not in his capacity as a parent/guardian bring an action in a pro se capacity on behalf of another. Plaintiff would, at a minimum, have to retain counsel to represent S H-T. *Snelgrove v. LeBlanc*, 2023 VT 114, ¶ 5. As the Court in *Snelgrove* holds, "We conclude that a nonattorney guardian may not represent a ward in court proceedings without an attorney because it would violate the prohibition against the unauthorized practice of law and possibly lead to abuse." Id. The same holds true here where Plaintiff seeks to act as a self-represented litigant on his own behalf and on behalf of his minor child. Thus, in addition to the personal jurisdiction limitation, Plaintiff's complaint lacks the necessary attorney representation needed to prosecute a claim on behalf of another. For this separate reason, dismissal of the present action is appropriate.

## ORDER

For the foregoing reasons, Defendant Gallardo's Motion to Dismiss is **Granted.** Plaintiff's complaint and claims against Defendant Gallardo are **Dismissed** as a matter of law.

Electronically signed on 9/9/2025 5:45 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge